Argued and submitted November 22, reversed and remanded
December 9, 1974, reconsideration denied January 15,
petition for review denied February 19, 1975

## STATE OF OREGON, *Appellant*, v. KATHY JEAN BEHRENS, LIONEL GEORGE YEAMAN (No. 43494), *Respondents*.

528 P2d 1069

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Scott McAlister, Assistant Attorney General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent Behrens.

*Dwight G. Purdy,* Springfield, argued the cause for respondent Yeaman. With him on the brief were William Wiswall and Sanders, Lively & Wiswall, Springfield.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM

Based upon the facts of *State v. Marsden, Moore, Cassidy,* 19 Or App 742, 528 P2d 1066 (1974), a search was made of the premises occupied by Kathy Behrens at 1590 South Sherman Street in Albany and during the course of that search narcotics were found consisting of marihuana and what was "probably" a white powder containing amphetamine. These two defendants were charged as possessors of the marihuana. ORS 167.207. They moved to suppress the evidence on substantially the same basis as that advanced by *State v. Marsden, Moore, Cassidy,* supra.

The contraband was seized pursuant to a search warrant based upon an affidavit made by one of the arresting officers in the other case. In the affidavit he set forth the facts which we have related in the foregoing opinion except that reference to information from the state police officer on Highway I-5 about the described Toyota being en route to Albany and the information about the stop at the small grocery store, after it turned off into Albany, were omitted. These omissions were not important in view of the additional information which the affiant had after the arrest of Marsden, Moore and Cassidy which was included in the affidavit. We have held that the arrest and seizing of

the evidence was proper in *Marsden, Moore, Cassidy.* The subsequent course of events which resulted in the search of the residence and the arrest of these two defendants was also proper.

Reversed and remanded.